**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ROSA TORRES O/B/O C.N.C., A MINOR,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br><br>**Defendant.** | **Civil Action No. 16-1743 (ES)**<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court is an appeal filed by Rosa Torres on behalf of her son, C.N.C. ("Plaintiff"), seeking review of Administrative Law Judge Kimberly Schiro's ("ALJ" or "ALJ Schiro") decision denying Plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("SSA"). The Court has subject matter jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Having considered the submissions in support of and in opposition to Plaintiff's appeal, as well as the administrative record, the Court decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

## I. BACKGROUND

Plaintiff was born on May 23, 2010. (D.E. No. 7-2, Administrative Record ("Tr.") at 45). On January 11, 2012, Plaintiff's mother, Rosa Torres, filed an application for SSI on her behalf, alleging disability beginning December 1, 2010. (*Id*. at 42). The claim was initially denied on May 4, 2012, and denied again upon reconsideration on December 24, 2012. (*Id*.). Ms. Torres subsequently filed a request on February 25, 2013, for a hearing in front of an Administrative Law

Judge. (*Id.*). The request was granted, and Ms. Torres appeared and testified with the assistance of a Spanish interpreter at a hearing held on March 18, 2014, in Newark, New Jersey. (*Id.*).

At the hearing, Ms. Torres reiterated Plaintiff's claims of a disability due to speech and behavioral problems. (*Id.* at 84). She explained that Plaintiff "doesn't talk that much." (*Id.*). Ms. Torres stated that Plaintiff receives occupational therapy because of his inability to write or hold a pencil due to lack of strength. (*Id.*). She further testified that Plaintiff does not follow directions, noting that "he doesn't like to wait in line. He turns aggressive, and when he does, he likes to bite, and he jumps out the window." (*Id.*). Ms. Torres also testified that Plaintiff has had asthma since birth. (*Id.* at 86).

On July 29, 2014, ALJ Schiro denied Plaintiff's application, concluding that Plaintiff "has not been disabled, as defined in the Social Security Act, since January 11, 2012, the date the application was filed." (*Id.* at 60). On December 5, 2014, Plaintiff requested an Appeals Council review, which was denied on February 22, 2016. (*Id.* at 1-4, 34-35).

On March 29, 2016, Plaintiff appealed the Commissioner's decision by filing a Complaint with this Court. (D.E. No. 1). The Court received the administrative record on June 30, 2016. (D.E. No. 7). The parties briefed the issues raised by Plaintiff's appeal. (*See* D.E. No. 11, ("Pl. Mov. Br."); D.E. No. 13, ("Def. Opp. Br.")). The matter is now ripe for resolution.

## II. LEGAL STANDARD

### A. Standard of Review

The Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988). "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). While failure to meet the substantial evidence standard normally warrants remand, such error is harmless where it "would have had no effect on the ALJ's decision." *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003).

The Court is bound by the ALJ's findings that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft*, 181 F.3d at 360. Thus, this Court is limited in its review because it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

Regarding the ALJ's assessment of the record, the Third Circuit has stated, "[a]lthough the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). The Third Circuit noted, however, that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

### B. The Three-Step Process for Evaluating Whether a Child Is Disabled

Under the SSA, the Social Security Administration is authorized to pay supplemental security income to "disabled" persons. 42 U.S.C. § 1382(a). A child (i.e., "[a]n individual under the age of 18") is "disabled" if she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). Regulations promulgated under the SSA set forth a three-step sequential process for determining whether a child is disabled. 20 C.F.R. § 416.924. The claimant bears the ultimate burden of establishing these three steps. *See Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007).

At step one, the ALJ assesses whether the child is currently engaging in substantial gainful activity. 20 C.F.R. § 416.924(b). If the child is engaging in substantial gainful activity, then the child is not disabled and the ALJ's inquiry ends. *Id.* If the ALJ finds that the child is not engaging in substantial gainful activity, the ALJ proceeds to step two and determines whether the child suffers from a severe impairment or combination of impairments. *Id.* § 416.924(c). Absent such an impairment or combination of impairments, the child is not disabled. *Id.* Conversely, if the child has a severe impairment or combination of impairments, the ALJ proceeds to step three. *Id.* § 416.924(a). At step three, the ALJ determines whether the child has an impairment or combination of impairments that meets, medically equals, or functionally equals a listed impairment ("listing") found in Appendix 1 of 20 C.F.R. Part 404, Subpart P. *Id.* § 416.924(d). If the child has an impairment that meets, medically equals, or functionally equals a listing, the child is deemed disabled under the SSA. *Id.* § 416.924(d)(1).

An impairment or combination of impairments "medically equals" a listing "if it is at least equal in severity and duration to the criteria of any listed impairment." *Id.* § 404.1526(a). To determine whether an impairment medically equals a listing, the ALJ considers all of the evidence in a claimant's record about the claimant's impairment and its effects on the claimant that are relevant to a finding of medical equivalence. *Id.* § 416.926(c).

If "the child's impairment does not medically meet a listing . . . the examiner must determine whether the impairment functionally equals a listing." *Jaramillo v. Comm'r of Soc. Sec.*, 130 F. App'x 557, 560 (3d Cir. 2005). A child has an impairment or combination of impairments that "functionally equals" a listing if the child has either two "marked" limitations or one "extreme" limitation in the following domains: "(i) acquiring and using information, (ii) attending and completing tasks, (iii) interacting and relating with others, (iv) moving about and manipulating objects, (v) caring for yourself, or (vi) health and physical well-being." 20 C.F.R. §§ 416.926a(b)(1)(i)-(vi). A limitation is "marked" if it "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(2). Such a limitation is "'more than moderate' but 'less than extreme.'" *Id.* A limitation is "extreme" if it "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(3). While an extreme limitation is "more than marked," it is not necessarily the equivalent of "a total lack or loss of ability to function." *Id.* In determining whether an impairment or combination of impairments "functionally equals" a listing, the ALJ considers "all the relevant factors," including the effectiveness of the child's medication, the child's ability to function in school, and the effects of structured settings on the child's performance. *Id.* §§ 416.926a(a)(1)-(3).

## III. ALJ SCHIRO'S DECISION

At step one of the analysis, ALJ Schiro determined that Plaintiff did not engage in substantial gainful activity since January 11, 2012, the application date. (Tr. at 45).

At step two, ALJ Schiro determined that Plaintiff suffered from the following severe impairments: autism spectrum disorder with an impulse control problem, mixed language disorder

(expressive), and asthma. (*Id.*). These impairments were found to "cause more than minimal functional limitations." (*Id.*).

At step three, ALJ Schiro concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926)." (*Id.*). Specifically, the ALJ mentioned listings 103.03 (asthma), 111.09 (communication impairment associated with documented neurological disorder), and 112.10 (autistic disorder and other pervasive developmental disorders) and found that the requirements of those listings were not met or equaled. (*Id.* at 45-46). In finding that Plaintiff did not meet the requirements of the noted listings, the ALJ concluded that Plaintiff's asthma "is generally well-controlled with the medications"; Plaintiff "is able to communicate clearly and with appropriate content, even though he has a very limited vocabulary"; and Plaintiff "does not have a markedly restricted repertoire of activities and interests." (*Id.*).

Furthermore, ALJ Schiro found that Plaintiff "does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a)." (*Id.*). In so finding, the ALJ noted that Plaintiff exhibited "less than marked limitation in acquiring and using information" (*id.* at 54); "less than marked limitation in attending and completing tasks" (*id.* at 55); "marked limitation in interacting and relating with others" (*id.* at 57); "no limitation in moving about and manipulating objects" (*id.* at 58); "less than marked limitation in the ability to care for himself" (*id.* at 59); and "less than marked limitation in health and physical well-being" (*id.* at 60).

Based on the above analysis, the ALJ concluded that Plaintiff "has not been disabled, as defined in the Social Security Act, since January 11, 2012, the date the application was filed." (*Id.*).

## IV. DISCUSSION

On appeal, Plaintiff argues that ALJ Schiro's opinion is not supported by substantial evidence. (Pl. Mov. Br. at 31). Plaintiff contends that the ALJ erred at step three in concluding that Plaintiff had less than marked limitations in the functional domains of "acquiring and using information" and "attending and completing tasks." (*Id.*). As noted above, for a claimant's impairment to functionally equal a listing, the claimant must show marked restrictions in two of the six functional domains of the relevant listings. 20 C.F.R. § 416.926a. Because the ALJ already found that Plaintiff exhibited "marked" limitations in one other domain—interacting and relating with others—Plaintiff must demonstrate marked restrictions in only one of the two above-mentioned domains in order to prevail. (*Id.*). For the reasons stated below, however, the Court finds that Plaintiff's arguments fail with respect to the two asserted domains.

### A. Acquiring and Using Information

The domain of acquiring and using information measures how well a child acquires and learns information and how well a child uses the information he or she has learned. *See* 20 C.F.R. § 416.926a(g). Examples of limited functioning in acquiring and using information include: failing to understand words about time, size, or space; having difficulty recalling important items learned in school the day before; having difficulty computing arithmetic answers or solving mathematics questions; and talking only in short, simple sentences and having difficulty explaining oneself. *See id.* § 416.926a(g)(3).

The ALJ's finding that Plaintiff had a less than marked limitation in the domain of acquiring and using information is supported by substantial evidence. The Third Circuit has held that an ALJ's decision must provide "a clear and satisfactory explication of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Here, the ALJ concluded that "the record as a whole supports the finding of less than marked limitation in this domain." (Tr. at 54). In particular, the ALJ relied on Progress Summary Forms from Plaintiff's therapy sessions and explained that those reports "have noted significant improvement over time with good cooperation and good response to treatment." (*Id.*). The ALJ also cited a report from JoAnna Green, SLP, which noted that Plaintiff's "communication and cognitive development had all shown some significant improvement" and that Plaintiff "made considerable progress in his communication skills." (*Id.* at 48). In addition, the ALJ relied on records from the Children's Specialized Hospital indicating that Plaintiff's response to treatment and level of cooperation were "good." (*Id.* at 54).

To be sure, the ALJ acknowledged that Plaintiff had "a history of communication problems and behavioral problems, including difficulty focusing and paying attention." (*Id.* at 54). For example, the ALJ noted that Dr. Beckwith evaluated Plaintiff and concluded that Plaintiff "met the diagnostic criteria for autistic disorder partially due to delays in the development of spoken language and restricted and repetitive stereotyped patterns of interest with a tendency to perseverate on multiple toys." (*Id.*). Further, the ALJ cited a letter from Dr. Beckwith that described Ms. Torres's concerns about Plaintiff's difficulties in preschool. (*Id.*). The letter stated that staff from Plaintiff's preschool reported that Plaintiff "does not listen, is strong-willed, and may be spoiled." (*Id.*). Overall, the ALJ considered a variety of sources in reaching the conclusion that Plaintiff had a less than marked limitation in this domain.

Plaintiff cites *McClain v. Barnhart* for the proposition that "evidence of improvement alone is insufficient without an assessment of how any such improvement reduced the claimant's functional limitations such that they are no longer, or never were, marked limitations." (Pl. Mov. Br. at 32) (citing 299 F. Supp. 2d 309, 325 (S.D.N.Y. 2004)). Plaintiff, however, appears to overstate the holding in *McClain*. There, the ALJ found that the plaintiff had a less than marked limitation in the acquiring and using information domain. *See McClain*, 299 F. Supp. 2d at 324. In doing so, the ALJ relied on evidence demonstrating the plaintiff's improvement in that domain. *See id.* The district court held that the ALJ's decision was not supported by substantial evidence because the ALJ did not recognize or discuss conflicting evidence in the record or sufficiently explain the reasoning for his conclusion of a less than marked limitation in the domain. *Id*. at 325-26. Unlike the ALJ in *McClain*, ALJ Schiro acknowledged and discussed the evidence in the record that illustrated Plaintiff's communication and behavioral problems. (Tr. at 54). In other words, ALJ Schiro acknowledged and addressed "pertinent, conflicting evidence in the record" and adequately explained "the basis for [her] finding of a less-than-marked limitation in the domain of acquiring and using information." *See McClain*, 299 F. Supp. 2d at 325. Accordingly, the Court finds that the ALJ's determination in the domain of acquiring and using information is supported by substantial evidence.

**B. Attending and Completing Tasks**

The domain of attending and completing tasks measures how well a child focuses and maintains attention and how well the child begins, carries through, and completes activities; the domain also considers the pace at which a child performs activities as well as the ease with which he or she changes activities. *See* 20 C.F.R. § 416.926a(h). Examples of limited functioning in attending and completing tasks include: being easily startled, distracted, or overreactive to touch,

movements, sounds, or sights; being slow to focus on or failing to complete activities of interest such as games or art projects; frequently becoming sidetracked from activities or frequently interrupting others; giving up on tasks; and requiring extra supervision to stay engaged in an activity. *See id.* § 416.926a(h)(3).

The ALJ's finding that Plaintiff had a less than marked limitation in the domain of attending and completing tasks is supported by substantial evidence. In making this determination, the ALJ relied primarily on the assessments of Dr. Chandrasekhar and Dr. Azaro. (Tr. at 56). Dr. Chandrasekhar found that Plaintiff had a less than marked limitation in this domain, while acknowledging "reported inattention." (*Id*. at 667). Similarly, Dr. Azaro concluded that Plaintiff had a less than marked limitation in this domain, while acknowledging that Plaintiff's neurodevelopmental pediatrician "reports some attention issues." (*Id.* at 120). To be sure, the ALJ also considered Ms. Torres's testimony, during which she stated that Plaintiff "frequently has difficulty maintaining focus and attention." (*Id*. at 56). And the ALJ noted Dr. Beckwith's finding that, "although the claimant was able to play by himself, he moved quickly from one task to the next with very limited focus and attention for any extended period of time." (*Id.* at 55).

Plaintiff argues that the ALJ failed to consider some of Dr. Beckwith's treatment notes from 2013 and 2014 when reaching the conclusion that Plaintiff had a less than marked limitation in this domain. (Pl. Mov. Br. at 35-37). The Court disagrees. Although the ALJ's discussion of the attending and completing tasks domain focused on just one of Dr. Beckwith's assessments (the May 1, 2013 report), the ALJ discussed Dr. Beckwith's 2013 and 2014 reports elsewhere in the opinion. For example, earlier in the step three portion of the opinion, the ALJ cited a letter from Dr. Beckwith dated October 18, 2013, in which Dr. Beckwith strongly recommended that Plaintiff be placed in "a special education classroom with applied behavioral analysis (ABA) interventions

to improve compliance and decrease maladaptive behavior as well as individual and small group speech and occupational therapy." (Tr. at 50). The ALJ also cited another letter from Dr. Beckwith dated March 4, 2014, in which Dr. Beckwith recommended that Plaintiff be placed "in a full-day ABA/autism specific special education classroom to address the claimant's behavior with a low student to teacher ratio" and "individual and small group speech therapy and continued occupational therapy with a focus on self-help skills, activities of daily living, and focus attention deficits." (*Id*.). Thus, despite the briefness of the ALJ's discussion of Dr. Beckwith's reports in discussing the attending and completing tasks domain, the opinion as a whole indicates that the relevant portions of the reports cited in Plaintiff's brief were properly considered. *See Jones*, 364 F.3d at 505.

Additionally, the fact that ALJ Schiro did not explicitly mention all of the evidence in her opinion does not mean that the evidence was not considered. *See id*. (noting that an ALJ does not need "to use particular language or adhere to a particular format" in the analysis, so long as "there is sufficient development of the record and explanation of findings to permit meaningful review"). Here, the Court finds that ALJ Schiro articulated the reasoning behind the less than marked limitation determination for the attending and completing tasks domain to permit meaningful review. (Tr. at 55-56).

Plaintiff also argues that the ALJ did not adequately recognize and weigh the conflicting evidence in the record regarding Plaintiff's deficits in attention and concentration. (Pl. Mov. Br. at 38). The Court again disagrees. The ALJ articulated how she weighed and evaluated the opinions of Plaintiff's various providers. (Tr. at 47-53). For instance, the ALJ gave "limited weight" to the opinion of Plaintiff's occupational therapist, Christina Gilmore, because her assessment seemed aimed at "ensuring continuation of services." (*Id*. at 53). The ALJ gave

"greater weight" to Dr. Chandrasekhar's opinion because he "was able to examine the entire record in April 2014 and provided an assessment based on all of the available evidence." (*Id*. at 52). The ALJ thoroughly explained her credibility determinations, which the Court finds are supported by substantial evidence. *See Wilson v. Astrue*, 331 F. App'x 917, 920 (3d Cir. 2009).

Additionally, earlier in the step three portion of the opinion, the ALJ recognized and considered evidence in the record that discussed Plaintiff's deficits in attention and concentration. (Tr. at 48-49). The ALJ noted that an evaluation dated July 3, 2012, which was conducted by Mary Van Horn, APN-C, revealed that Plaintiff's "attention was poor." (*Id*. at 48). The ALJ accorded "some weight" to Ms. Van Horn's opinion because of her treatment relationship with Plaintiff. (*Id*. at 52). The ALJ also discussed an evaluation dated September 16, 2013, conducted by Sally Goldstein, Psy, which revealed that Plaintiff made "limited progress due to the claimant's distractibility, excess energy, interfering behaviors, noncompliance, poor attention . . . ." (*Id*. at 49). The ALJ gave "some weight" to Ms. Goldstein's opinion because of her expertise. (*Id*. at 52). In sum, ALJ Schiro's opinion—as a whole—shows that she considered the relevant evidence in the record in forming her opinion. Thus, the Court finds that the ALJ's conclusion in the domain of attending and completing tasks is supported by substantial evidence.

## V. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision and DENIES Plaintiff's appeal. An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**